ALBANY,
Feb. 1827.

Fuller
v.
Williams.

---

FULLER *against* WILLIAMS and HUBBARD, administrators of SMITH.

AFTER a new trial was granted in this cause on the case, as stated *ante*, 13, S. C., the plaintiff again carried it down for trial, at the Chenango cicruit, in January, 1826, when *it was tried before Nelson, C. Judge; and a verdict was taken for the plaintiff, subject to the opinion of this court; with leave for either party to turn it into a bill of exceptions or special verdict.

It is not material to state the case at length. It is little more than an extension or illustration of the principle contained in the former report; that where one contracts to convey land, a deed must be demanded, and reasonable time given before an action can be brought for damages in not conveying. The present case shows how far that rule prevails as to a demand from the heirs and devisees of the vendor, previous to a suit for damages against his personal representatives; and all the facts will be found sufficiently stated in the opinion of the court.

The cause was argued by

[*54]
Where one agrees to convey land, on the payment of money, the vendee must not only tender or pay the money; but he must demand a conveyance; and after waiting a reasonable time for it to be made out, must present himself to receive it. And where the vendor dies, the same demand must be made of, and time allowed to his heirs, before a suit can be brought against his personal repre-

sentatives for damages.

And it is no excuse that the heirs be numerous, and dispersed in different parts of the country.

*J. A. Collier,* for the plaintiff, and

*G. C. Bronson,* contra.

*Curia, per* WOODWORTH, J.   When this cause was before the court on a former occasion, (6 Cowen, 13,) we decided that, in order to sustain an action by the purchaser of land on a contract to convey, it was necessary to demand a deed of the vendor; and after waiting a reasonable time, to call on him and offer to receive it.

The case now to be considered contains additional evidence, and presents several new questions.

Smith, the intestate, contracted to convey to the plaintiff a lot of land, after receiving payment. He received a part in his lifetime; and his administrators, the defendants, since his death, the residue.

The plaintiff has elected to prosecute the administrators. The declaration is on the written contract, and also contains the common counts.

The first question that arises is, whether the plaintiff has shown enough to put the heirs in default, and entitle him to maintain an action against them? If he has not, the administrators are not liable. They have no authority to convey; have no control over the land; and ought not to *apply the assets of the intestate, unless he was liable in his lifetime, by reason of non-performance; or those on whom has devolved since his death the duty to perform, have neglected and refused. In this case, the land descending to the heirs at law of Smith, they are the persons to convey. The right to recover depends on the fact that the plaintiff has done, as between him and the heirs, all that can be required to entitle him to a conveyance. A demand of a deed from the defendants is altogether irrelevant. They cannot convey; nor are they bound to seek the heirs.

If difficulties occur in consequence of the number, the infancy, or the dispersed state of the heirs, it is the misfortune of the vendee, produced by the death of the vendor. So also, the demand made on James Clapp, who had been attorney for Smith, in his lifetime, in making contracts for

sale of his lands, and attorney for the defendants to collect the money due from the plaintiff, was a nugatory act. Mr. Clapp was not attorney for the heirs, or under any obligation to procure a conveyance. That he and the defendants took measures to obtain deeds, was not in consequence of any legal liability; but manifestly proceeded from a laudable desire to aid the purchasers in procuring their titles. Their acts may, therefore, be considered as gratuitous; and would seem rather to claim the acknowledgments of the purchasers for having so nearly accomplished the object, than to lay the foundation of an action in consequence of a partial failure. In one point of view, the plaintiff may call the acts of the defendants to his aid: although not bound to procure a deed, yet, in point of fact, they did apply in behalf of the plaintiff, to some of the heirs; and were succesful. A deed was executed by six of the brothers and sisters of Smith, the intestate, and by William S. Smith, the devisee of William S. Smith, a brother of the deceased; and by James R. Smith, one of the heirs of another brother. As it respects the last named grantors, they have admitted the sufficiency of the demand on them, by complying with it. It is in evidence, that they executed a deed agreeably to the *contract; which was offered to the plaintiff, and refused. So far, therefore, as they were concerned, the plaintiff has not made out a cause of action; they having done all that could be required, or that they had lawful authority to perform. I admit that the plaintiff is entitled to a conveyance from all the heirs. He is not obliged to accept the title of a part. It is also conceded, that if the plaintiff has done all that is necessary on his part, and any one of the heirs refuses to carry into effect this contract of their ancestor, the action can be maintained. This consequence necessarily flows from the position laid down, that all the heirs must unite in conveying the title. The obstinacy or neglect of one, having but a small interest, may be adverse to the interest of all. That, however, is incident to the condition in which the heirs are placed, and if an injury, it is one to which they are subjected.

[*56]

The question then recurs, has the plaintiff put any of the heirs in default? From the testimony of Mr. Clapp, it appears, that the heirs of the vendor are six brothers and sisters: William S. Smith, devisee of William S. Smith, a brother; James Ross Smith and Ann Smith, children and heirs of another brother; and the children of Maria Bancker, a sister of the half blood. Mr. Clapp thought, when he drew the form of the deed to be executed by the heirs, that the grandchildren of Maria Bancker could inherit, and inserted their names accordingly. This was a mistake. Our statute of descents extends to brothers and sisters, equally of the half blood as those of the whole blood; but not to the grandchildren. Consequently, the children only of Mrs Bancker inherit one-ninth of the real estate.

Marinus Willet and Margaret his wife, a daughter of Mrs. Bancker, it appears, live in New York. There is no evidence that a deed has been demanded from them. Mrs. Bancker had four other children. Where they reside, or whether any demand has been made on them, does not appear. Ann Smith, one of the children of James R. Smith, a brother, resides in New York. There is no evidence of a demand on her. A deed having been *executed, conveying all the title except the one-ninth owned by the children of Mrs. Bancker, and the half of one-ninth owned by Ann Smith, it was incumbent on the plaintiff to show a demand on them, or offer a sufficient excuse in law, for not making a demand. As to the last named heirs, he has not given any proof. For aught that appears, an application being made, they would also have executed, and thus perfected the plaintiff's title. The plaintiff cannot change his claim to have a title, to a claim of compensation in damages, until he has shown the necessity of resorting to that alternative. The land may have greatly fallen in value between the time when the deed was to be executed, and the time when a demand was made. It would be most unreasonable to permit a recovery in damages, when the party was ready to perform.

The plaintiff proved by a witness, that Mr. Hubbard in-

formed him that John Adams Smith was an heir, and that he was in Europe.

If William S. Smith, the brother of Smith, the intestate, had not devised to his son William, but had died intestate, John Adams Smith would be one of the persons who ought to convey; and it is probable that Mr. Hubbard may have made the declaration ascribed to him without adverting to the fact, that, by the devise, the right and title of William S. Smith, the brother, passed to the devisee. Be that, however, as it may, we are satisfied from the case that J. A. Smith was not a necessary party to the conveyance.

In 6 Cowen, 22, it was decided, that the judgment recovered against Smith, the intestate, was no ground, in a court of law, for rescinding the contract; that conveyance is good and perfect without warranty or personal covenants; and that such a conveyance will satisfy the terms of this contract.

It is unnecessary to express any opinion as to the measure of damages, the defendants being entitled to judgment.

Judgment for the defendants.[1]

[1] As a general rule, the mutual engagements of the parties will be considered dependent on each other; and either must perform his liabilities before he seeks to enforce his rights under the contract. Dart's Vendors and Purchasers, Waterman's Notes, p. 449.

In this country, the party who is to give the deed, has the same drawn at his own expense; but under a covenant to convey, he is not bound to prepare the conveyance, until the party who is to receive it is in a situation rightfully to demand. And after such demand the grantor is allowed a reasonable time for drawing and executing it; and he is then to hold it ready for delivery when called for, and is in no default until a second demand is made. The purchaser, nevertheless, may prepare the deed and tender it for execution—and then only one demand is necessary. *Fuller* v. *Hubbard*, 6 Cowen, 1; *Connelly* v. *Pierce*, 7 Wend. Rep. 129; *Wells* v. *Smith*, 2 Edw. Ch. Rep. 78. Where the vendor convenanted, that upon payment of the purchase money he would give a title to the purchaser; held, that he was bound to prepare and tender the deed of conveyance. But if the purchaser deny having made the purchase without other objection, this was held to dispense with a tender of the deed, for it would be a nugatory act for the vendor to tender a deed, which the purchaser told him he would not accept. *Sweitzer* v. *Hummel*, 3 Serg. & Rawle Rep. 228; *Hampton* v. *Spochenagle*, 9 Serg. & Rawle. 212.