Oldham, J. This was an action ol' debt instituted ill the circuit court of Crawford county by the defendant in error as assignee of John Drennen against the plaintiff in error upon a writing obligatory for eight hundred dollars. The plaintiffin erroa^tíie defendant below) pleaded that the bond declared on was eSRited for the purchase money of two lots of land in the town of Van Bur«n, which the defendant had purchased of Drennen, and that Drennen by parol promised to execute and deliver to him an absolute deed in fee simple to said lots upon the payment of the purchase money; that on the fourth day of August 1845, the said defendant tendered to Drennen the sum of six hundred and nine dollars, being the balance due upon the writing obligatory after deducting payments, and requested him to execute a deed for the lots, which he refused to do. To this plea the plaintiff belowr demurred and the demurrer was sustained by the court. The decision of the circuit court in sustaining the demurrer is assigned for error in this cotirt. The case of Byers & Miniken vs. Aiken, 5 Ark. R. 419, was very similar to this. The court there held that “ in an action for the purchase money, a plea alleging that the plaintiff refused to execute a conveyance according to agreement, is bad if it does not aver that a deed was tendered by the purchaser to the vendor, and he refused to execute it or that the vendor took upon himself to prepare the deed and he afterwards refused to execute itand it was so held in Drennen vs. Boyer Clark, 5 Ark. R. 497. Were the court to be governed by the principle laid down in those cases, it would be decisive as to the insuficiency of the plea in this case and the correctness of the judgment of the circuit court upon it. But being inclined to doubt the correctness of the rule thus laid down, we propose to examine and ascertain whether it can be reconciled with the authorities bearing upon the question. In questions of practice a close adherence by a court to its own decisions, even though it may at times have erred or decided differently from settled adjudications upon the subject, is necessary and proper for the regularity and uniformity of practice, and that litigants may know with certainty the rules by which they must be governed in the conducting of their cases. In such cases, the importance of the rule generally depends upon its certainty, and not upon any intrinsic merit. But where the decision goes to the merit of the controversy, where the whole right of parties is dependent upon, and is governed by it, in such case, if the court should from any cause have erred, it is not only proper, but it is an obligatory duty upon them, a duty imperiously demanded by litigants whose rights are before them for adjnuieation, to l’e-examine the opinion so pronounced, and if found to be erroneous to recede from it. As the question decided in those cases is again before this court in the present case, and those decisions are called in question, we shall, with all due respect for the opinions of our predecessors upon this bench, examine the doctrine as laid down, and, if in our opinion it is correct, affirm it; otherwise, overrule it. Upon the abstract question, “on whom the law devolves the duty of preparing and tendering the deed between the vendor and ven-dee,” perhaps the rule was correctly stated, as a rule of practice among conveyancers, according to the English authorities, in Byers & Miniken vs. Aiken, that “the purchaser and not the vendor is bound to prepare and tender the conveyance.” Although it may be conceded that such is the settled rule of practice there, it does not so universally prevail in the United States as the learned judge, who delivered the opinion in that case, seemed to imagine. In Indiana it devolves upon the vendor to prepare and tender the deed. Leonard vs. Bales, 1 Blackford 172. Cunningham vs. Guinn, 4 Blackford 342. The same is the established rule in New York, settled by a current of decisions. Connely vs. Pierce, 7 Wend. 129. Blood vs. Goodrich, 9 Wend. 68. Fuller vs. Hubbard, 1 Cow. 1. Fuller vs. Hubbard, 6 Cow. 13. Fuller vs. Williams, 7 Cow. 53. By these cases it is held that “when a party covenants to convey, he is in default when the party entitled to the conveyance shall have demanded it, and having waited a reasonable time to have it drawn and executed again demands it, and the vendor have failed or refused to execute it.” In Connelly vs. Pierce, the court said that “in England the party entitled to the deed is bound to have it drawn and presented for execution: we have not gone so far; the party who is to give the deed should certainly have it drawn at his own expense.” In Pennsylvania it has been decided that “where the seller of land covenants that upon the payment of the purchase money, he will convey a good title to the purchaser (without any mention of such conveyance as the purchaser shall devise,” &c.) he is bound to prepare and tender the deed of conveyance. Sweitzer vs. Hummel, 3 S. & R. 228. Thus it will be perceived that upon the abstract question, it has been settled in Indiana, New York and Pennsylvania that the vendor and not the purchaser must prepare the deed. It is believed that the same practice prevails in other States, although it is probable that the English rule may have been adopted in others. Let it be conceded that, as an abstract question and one of practice among conveyancers, the English rule universally prevails, yet we conceive that it would not sustain the doctrine contained in Byers & Miniken, vs. Aiken. There are two other attitudes in which the question may be presented; 1st, where the vendee wishes to proceed against the vendor for breach of covenant, specific performance, or to recover his deposit: and 2d, when the vendor wishes to proceed against the purchaser. In the first case it is not necessary to inquire on -whom the duty of preparing and tendering the deed devolves, as that question is not involved in the case now before the court; but the question as presented in the second attitude is directly before us ; we will therefore proceed to its determination as so presented. Upon agreements for the sale and purchase of lands, where the stipulations of the' parties are dependent, we believe the whole authority is in support of the doctrine, that to enable the vendor to maintain an action against the vendee for the purchase money, he must tender a conveyance, and demand the purchase money. If there is a single case, English or American, maintaining a different doctrine, it has escaped our observations: and it seems to be equally well established that the purchaser, in order to put the vendor in default, must tender the purchase money and demand a conveyance. But as to who shall prepare the deed in the latter case is still a litigated question, upon which there is a contrariety of authority. In Sugden on Vendoi's 229, it is said, “a vendor cannot bring an action for the purchase money without having executed a conveyance or offered to do so; on the other hand, the purchaser cannot maintain an action for breach of contract without having tendered a conveyance and the purchase money.” In Standley vs. Hemmington, 6 Taunt. 561, (1 Eng. Com. Law R. 483) it was held “ upon an award to perform a purchase of land and pay the price upon the conveyance of the land by the plaintiff to the defendant, the defendant is not in contempt before tender of a conveyance executed, and demand of the money, and refusal to accept and pay.” Gibbs, C. J. said “ Before the plaintiff can have an attachment he must execute and tender to the defendant a conveyance and ask for the purchase money. The modern practice has gone thus far, that in an action where the defendant has dispensed with the plaintiff’s tendering the deed executed, the plaintiff may nevertheless recover, but even that was relaxation of the law. In the present case the plaintiff could not maintain an action on his agreement, nor on a bond for performance of the award, because he does not show performance on his part.” Dabbas, J. said “ The plaintiff does not show even a refusal by the defendant.” The rest of the court concurred. In Bank of Columbia vs. Hagner, 1 Pet. R. 465, the supreme court of the United States decided that “ if either the vendor or vendee wish to compel the other to fulfil his contract, he must make his part of the agreement precedent, and cannot proceed against the other party without an actual performance of the agreement on his part or a tender and refusal. And an averment to that effect is always made in the declaration upon contracts containing dependent undertakings and that averment must be supported by proof. In Green vs. Reynalds, 2 J. R. 207, it was held by the supreme court of New York that the declaration was defective in not averring a tender of the deed by the plaintiff, who was the vendor and had sued for the purchase money. In Parker vs. Parmale, 20 J. R. 130, it was also held that the vendor must tender or offer to execute the deed before he could maintain an action for the purchase money. That case was decided on authority of Sugden on Vend., Philips vs. Fielding, 2 H. Bl. 123, in which last case it was held that an actual conveyance or a tender and refusal was necessary. The same doctrine was held in Hudson vs. Swift, 20 J. R. 24. Jones vs. Gardner, 10 J. R. 266. Fuller vs. Hubbard, 6 Cow. 13. Fuller vs. Williams, 7 Cow. 53. Fanchot vs. Leach, 5 Cow. 506. Blood vs. Goodrich, 9 Wend. 68. And so it has been held in Pennsylvania, Lore vs. Jones, 4 Watts R. 465. Dearth vs. Williamson, 2 Serg. Rawle 50. Withers vs. Atkinson, 1 Watts 236. Heron vs. Hoffner, 3 Rawle 393. Withers vs. Baird, 7 Watts 227. Without citing further authorities we will remark that we believe in no case of dependent covenants for the conveyance, or where the stipulations are mutual and dependent, has the vendor been permitted to recover the purchase money without tendering a com/eyance, or, offering to do so, was excused by the act of the opposite party; and in all such cases, if the mutual stipulations of the parties are set forth in the instrument declared upon, the fact of performance or tender and refusal must be averred in the declaration: and when the stipulations do not thus appear, .the defendant may plead the fact. Hunt vs. Livermore, 5 Pick. 395. Linton vs. Wood, 17 Pick. 110. Cunningham vs. Gwinn, 4 Blackford 342. The question in such cases usually is, whether the stipulations of the parties are dependent or independent. The question as decided in Byers & Miniken vs. Aiken, was no doubt determined without a due regard to the manner in which the parties presented themselves into court, and without distinguishing between the abstract question and the obligation resting upon the vendor as a pre-requisite to his right of action, and the court was consequently misled by the English rule determining who shall prepare the deed. But it is clear to our minds that the decision is not only unsupported, but is opposed to the whole weight of authority both English and American. The remaining question to be settled in this case is whether it was the duty of Drennen to have tendered a conveyance and demanded payment of the purchase money in order to entitle him to maintain this action. The fact that the writing obligatory had been assigned does not alter the question, as under our statute the defendant is not thereby deprived of any defence which he may have had against the payee. Our Statutes also authorize the consideration of a specialty to be impeached. That the promise to execute the deed was not in writing most clearly shows that it was the intention of the parties that the deed should be executed at the same time the money should be paid. Drennen’s promise being void, and not binding upon him by the statute of frauds, Smith has no power to compel the execution of a deed for the lands purchased by him. The land formed the consideration for which the writing obligatory was executed, and therefore the purchaser should not be compelled to part with his money without receiving a title. Smith has done more than was incumbent upon him to do. He tendered the money and demanded a conveyance which was refused. If under such circumstances he should be compelled by law to part with his money, and the vendor should still refuse to execute a deed, his only remedy would be by an action to recover back the money. All the facts are before the court in the present case, which would entitle him to recover the purchase money, had it been paid. If it would not be an absurdity, at least it would not comport with the idea of a faithful administration of justice, to compel a party to pay money in one action upon a state of facts which would authorize him immediately upon its payment to sue and recover it back. If such were the law, it is time that it should be changed, but in our opinion it is not. The judgment of the circuit court must be reversed, and the cause be remanded for further proceedings.