# Kohler's Appeal.*

1. Personal estate is the primary fund for the payment of legacies, unless the will imparts a clear intention to charge them upon the realty.

2. When assets are received by the executor sufficient to cover the expenses of administration, satisfy the debts, and pay the legacies, the real estate is discharged from further liability.

3. If assets are wasted or misapplied by the executor, who acts as trustee for the legatees, the loss falls upon them.

4. The real estate charged is liable on a deficiency of assets, but not on the misapplication, waste, or insolvency of the executor.

APPEAL from the decree of the Orphans' Court of *Berks County*.

The facts fully appear in the opinion of the court, delivered July 25, 1861, by

WOODWARD, J.—This proceeding was instituted by bill or petition in the Orphans' Court for the purpose of compelling Matilda Kohler (late Matilda Helfrich) to pay to Benjamin Helfrich a pecuniary legacy bequeathed to him by Peter Hehn, who, in the same will, devised a farm to Matilda, and charged it conditionally with the payment of this legacy and two others. The will directed the executors to pay the legacies out of the personal estate immediately after the death of the testator's widow; but, "*if there should not be so much over, then the said Matilda Helfrich should pay it from her share of inheritance.*"

It appears that there was enough over of the personal estate to pay these legacies, the aggregate of which was only $600. But the surplus of the personalty, amounting to $719 72, was in the hands of the defaulting executor, Daniel Helfrich, who had been superseded by the appointment of William Hottenstein, administrator *d. b. n. c. t. a.* Hottenstein sued Helfrich

---

* STRONG, J., having been at one time of counsel in this case, took no part in its determination.

[Bawn *v.* Keller.]

for this balance in the Common Pleas of Lehigh County, obtained judgment and execution, and levied on and sold a store of goods, and made the money. The sheriff was then sued by the son of Helfrich, who claimed to own the store; and that suit is pending in the Supreme Court. Meanwhile, Hottenstein's account, as settled by the auditor, exhibits a balance against him of $769 32. He was discharged, and Daniel Kohler, the husband of the appellant, was appointed administrator in his stead. In the hands of one or the other of these representatives of the personal estate of the testator, there has been, therefore, and there still is, a fund much more than sufficient to pay the appellant his legacy of $200—sufficient, indeed, to pay all the legacies given in the will. Under these circumstances, what legal or equitable right has he to charge this legacy on Matilda's land? Certainly, none by the terms of the will, and none by general rules of law; for, according to these, the personal estate is the primary fund for the payment of legacies, unless the will imports a clear intention to charge them upon real estate in relief of the personalty. When assets are received by the executor sufficient to cover the expense of administration, satisfy the debts, and pay legacies, the real estate is discharged from further liability, especially where, as in this case, it is only conditionally charged. If the assets are wasted or misapplied by the executor who acts as trustee for the legatees, the loss falls upon them. The real estate charged is liable upon a deficiency of assets, but not on the misapplication, waste, or insolvency of the executor. *Hanna's Appeal*, 7 C. 57.

Neither on the facts of the case nor the law of the land, has the appellant any equity in his bill, and it ought to have been discharged.

Now, to wit, July 25th, 1861, this cause having been argued and submitted, it is ordered, adjudged, and decreed that the decree of the Orphans' Court of the county of Berks be reversed and annulled, and it is here decreed that the bill or petition of the said Benjamin Helfrich be dismissed at his costs.