ARCHANNA RITCHIE, Appellant, *v.* ELIZABETH M. BENNETT, as Sole Administratrix, etc., of CHARLES H. CLEVELAND, Deceased, Respondent.

*Contract — verbal agreement by an intestate to convey real estate in consideration of his support — the failure of the intestate to convey before his death construed to be a refusal to convey — his heirs cannot give a title free from his debts — right to recover for the services rendered in his support.*

In an action brought against an administrator to recover the value of board furnished by the plaintiff, who had made a verbal agreement with the defendant's intestate by which the plaintiff agreed to furnish such intestate with board during the balance of his life, and the intestate agreed to pay therefor by a conveyance of a house and lot, which, although on several occasions during his lifetime he was requested to execute, he, while not in terms refusing, nevertheless failed to do, and died without having fulfilled the contract in that regard, the court considered that the situation was the same as if the intestate had in words refused to convey the premises;

That, there being no valid written contract for the conveyance of the property, the heirs at law of the intestate could only convey an estate in the real property, which, for a period of three years after the issuing of letters of administration to the defendant, would be subject to the payment of his intestate's debts, and, consequently, would not be a compliance with the oral agreement;

That, assuming that there had been no refusal on the part of the intestate to convey, his agreement having become incapable of performance, the plaintiff was entitled to recover for the services rendered.

APPEAL by the plaintiff, Archanna Ritchie, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Rensselaer on the 7th day of June, 1898, upon the dismissal of the complaint by direction of the court after a trial at the Rensselaer Trial Term.

The plaintiff, in the month of March, 1895, made a verbal contract with Charles H. Cleveland, deceased, by which the former agreed to receive the latter in her house at Lansingburgh, N. Y., and furnish him board during the balance of his life, the deceased agreeing to pay therefor by a conveyance of his house and lot in Bath, N. Y., valued at about the sum of $1,800. He agreed to make such conveyance after he moved to plaintiff's house. In pursuance of the contract the deceased commenced living with the plaintiff on the 10th day of April, 1895, remaining there until his death on February 6, 1897, the value of his board during that period

being $428.15.   After Mr. Cleveland came to reside with the plaintiff several requests were made to him by her and her husband to execute the deed of his said house in Bath pursuant to the contract. While not refusing to make the conveyance at the time of such requests, and professing a willingness to comply therewith, he failed to do so, and died intestate without fulfilling the contract in that regard.

This action was brought against the defendant, his administratrix, to recover the value of the board of deceased for ninety-five weeks, during which he lived with the plaintiff under such verbal contract.

The learned trial court granted the defendant's motion for a nonsuit, on the ground that no refusal on the part of the deceased to convey the house and lot in Bath was shown, and that no demand had been made upon his heirs, or refusal upon their part shown, to make such conveyance.

*P. R. Chapman*, for the appellant.

*J. W. Ecker*, for the respondent.

PUTNAM, J.:

It has been held that where one performs services or advances money or other consideration on the faith of a parol contract of another to convey real estate, the value of such services or amount of such consideration cannot be recovered as under an implied contract, unless the party agreeing to convey the land has refused, or put it out of his power to do so. (*Campbell* v. *Campbell*, 65 Barb. 639; *Abbott* v. *Draper*, 4 Den. 51; *Day* v. *N. Y. C. R. R. Co.*, 51 N. Y. 583, 590; *Galvin* v. *Prentice*, 45 id. 162, 165.)

It was shown that the plaintiff had fully performed the contract entered into between her and defendant's intestate.   She had paid for the land and was entitled to the conveyance which the deceased had agreed to make after he moved into the plaintiff's premises. Although he lived with the plaintiff nearly two years, he failed to fulfill his agreement to convey.   The witness Robert Ritchie testified: "After he came there to live I heard my wife tell him he ought to go and deed the property to her.   He said he would in a few days, in a little while; he wasn't feeling well.   On other occa-

sions I heard him make remarks; said he would go and have it fixed over for my wife; have it deeded over; transferred to her." Also, " About two or three months after he came to our house to board I asked him in the presence of the plaintiff when he was going to deed this property, and he said he was going to Troy pretty soon, and some person he wanted to see, not mentioning who it was, he would have the place deeded over to her. I think she said something, but don't remember what it was. I had two or three talks with him when he was going to deed the place over, and he always kept putting it off in that way."

This, therefore, was the situation: Mr. Cleveland had, in the verbal contract, agreed to convey his house in Bath to the plaintiff when he came to her house — that is, within a reasonable time. The plaintiff and her husband, after the lapse of such reasonable time, made repeated demands upon him to make such conveyance, and while never refusing in words to do so, he failed to comply with their requests. The plaintiff evidently endeavored to obtain the conveyance. She did all that she could to that end. She was not called upon to tender him a deed to be executed. " The English practice, requiring the vendee to tender a deed, has never prevailed in this State. It is naturally the duty and office of the vendor to have it prepared." (*Flynn* v. *McKeon*, 6 Duer, 203, 207; *Stone* v. *Sprague*, 20 Barb. 509; *Fuller* v. *Hubbard*, 6 Cow. 13; Ger. Tit. 490.)

Here, therefore, was a performance of the contract by the plaintiff and a neglect on the part of the deceased to execute the deed of the Bath house and lot, as he had agreed to, after repeated demands duly made by the plaintiff and her husband to make such conveyance. The deceased neglected to comply with the just demands of the plaintiff. We think the situation is the same as if Mr. Cleveland had in words refused to convey the premises in question to the plaintiff. His neglect to convey, after repeated demands duly made, should be deemed a refusal.

But assuming that there was no refusal on the part of the deceased to convey the premises in question, in pursuance of the verbal contract, in consequence of his death, his agreement being incapable of performance, was not the plaintiff entitled to recover? It has been held that where services are rendered by one for a deceased party

under an agreement by the latter to compensate the former for such services by a devise of real estate, and such agreement is not complied with, the value of such services can be recovered in an action against the personal representatives of such deceased person. (*Robinson* v. *Raynor*, 28 N. Y. 494; and see *Collier* v. *Rutledge*, 136 id. 621.)

In *Robinson* v. *Raynor* (*supra*), the deceased having promised to pass the title to real estate by will in payment for services, and having failed to comply with his agreement, the party to whom he made the promise was held entitled to recover the value of the services rendered on the faith thereof. And it was held that it made no difference whether the failure of the deceased arose from accident or design.

In the case under consideration, Mr. Cleveland promised to pass the title of the Bath house and lot to the plaintiff by a deed prior to his death, and has failed to do so, no fault being imputed to the plaintiff for such failure, as she did all that was possible to obtain the conveyance. Why, therefore, cannot an action be maintained by the plaintiff to recover for such services rendered on the faith of Mr. Cleveland's promise to convey the property in question, which he has failed to perform, as well as in the case of *Robinson* v. *Raynor* (*supra*), where the promise was to pass the title to the real estate by will? In each case there was a failure to perform the verbal agreement to convey real estate, on the faith of which the services were rendered. The plaintiff has in good faith paid by her services for the Bath house and lot. Mr. Cleveland had died without conveying it to her in pursuance of his agreement, and the contract as to the real estate cannot, therefore, be performed. Under such circumstances the plaintiff should be entitled to maintain her action.

*Fuller* v. *Williams* (7 Cow. 53) and kindred authorities holding that where a contract is made for the conveyance of real estate, and the vendor dies, a demand for a conveyance must be made of his heirs, and an action cannot be sustained until they refuse to convey the premises in pursuance of the contract of their ancestor, are not parallel to the case under consideration. In the case cited, the parties had executed a written and valid contract. Under such a contract the vendee became the equitable owner of the land and the

vendor held the title in trust for him. (*Stoddard* v. *Whiting*, 46 N. Y. 627.) The interest of the vendee was real estate (Code Civ. Proc. § 2749), and that of the vendor personal property. (Code Civ. Proc. § 2712, subd. 9.) In such a case the heirs of the vendor could give a valid title, the same title of which their ancestor died seized; they could convey the land free and clear of any claim of the general creditors of their ancestor.

In this case the verbal contract of the deceased to convey the house and lot in Bath not being valid, plaintiff could not obtain the title she bargained for from the heirs of Mr. Cleveland. The real estate of the deceased for the period of three years after the issuing of letters of administration to the defendant was subject to the payment of the intestate's debts. If the plaintiff should take a deed of the house and lot in question from the heirs of Mr. Cleveland she would be compelled to take it subject to the unknown and undisclosed lien of any creditor or creditors of defendant's intestate. The plaintiff, therefore, was not compelled, in order to maintain this action, to demand a conveyance from the heirs of Mr. Cleveland. They could not convey the title the deceased promised to give.

The contract, as to the conveyance of the Bath house and lot, has not been performed by Mr. Cleveland according to his agreement, and is now incapable of performance, and we are of opinion that the plaintiff is entitled to recover the value of the board furnished said deceased on the faith of such agreement.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment reversed, new trial granted, costs to abide the event.