HARRIETT LANE, Respondent, *v.* JOHN CALBY, as Administrator, etc., of WILLIAM CRAWFORD, Deceased, Appellant.

*Services to be compensated by will — measure of recovery therefor where no bequest is made.*

When services are rendered in pursuance of a mutual understanding that payment shall be made by bequest or devise, and the party dies without making the expected compensation, the person rendering the services becomes a creditor of the estate to the extent of the value of the services, and not for the value of the expected bequest or devise.

APPEAL by the defendant, John Calby, as administrator, etc., of William Crawford, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 13th day of April, 1903, upon the verdict of a jury, and also from an order entered in said clerk's office

on the 7th day of April, 1903, denying the defendant's motion for a new trial made upon the minutes.

*Everett Fowler* and *Howard Chipp*, for the appellant.

*M. O. Auchmoody* and *Chandler A. Oakes*, for the respondent.

HOUGHTON, J.:

The action is to recover the value of board and care furnished to and performed for the defendant's testator during several years prior to his death.

The plaintiff and her husband lived in the house of the testator, and there was proof that he had declared he intended to devise the house to the plaintiff in payment for her services and kindness to him. Against the defendant's objection the value of the house and lot was proved to be $1,000. In response to a request of the plaintiff's attorney, the court charged the jury that if they believed the deceased had made such a promise they might award to the plaintiff an amount equal to the value of the house, to which the defendant excepted.

Aside from the fact that under the issues framed by the complaint no such recovery could be had, the charge was erroneous.

Where services are rendered in pursuance of a mutual understanding that payment shall be made by bequest or devise, and the party dies without making the expected compensation, the one rendering the services stands as a creditor of the estate for their value. (*Robinson* v. *Raynor*, 28 N. Y. 494; *Collier* v. *Rutledge*, 136 id. 621; *Ritchie* v. *Bennett*, 35 App. Div. 68.)

The court in the principal charge had instructed the jury as to the proper rule of damages, and it is insisted that the further instruction did no harm. We cannot accede to this. A new element was introduced into the case by the request, and the jury very properly may have assumed that the later instructions superseded the former.

The proof was not full as to the character and extent of the services performed, and the jury may possibly have disregarded it and have rendered their verdict upon the alleged agreement to devise the house and lot instead of according to the value of the services.

It is further insisted by the appellant that the court also erred in refusing to charge that the plaintiff was bound to establish her claim

by clear and satisfactory evidence, and that a nonsuit should have been granted because the evidence failed to meet that requirement.

It is unnecessary for us to discuss these propositions, our conclusion having led us to a reversal of the judgment and the granting of a new trial, upon which the testimony may be different from that now presented.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.