Matter of the Judicial Settlement of the Accounts of WILLIAM G. WOOD, as Administrator of the Estate of THEODORE F. BAYLES, Deceased.

(Surrogate's Court, Westchester County, July, 1919.)

Decedents' estates — disputed claim for services — when recovery may be had on quantum meruit — evidence — contracts — wills.

> Where upon the hearing of a disputed claim against a decedent's estate, for services rendered, the alleged express oral promise of the decedent to provide for the payment of the claim by his will, is not established by such proof as would entitle claimant to recover, she is entitled to recover on a *quantum meruit,* there being no denial of the rendition of the services.

PROCEEDING upon the judicial settlement of the accounts of an administrator.

Charles D. Millard, for claimant.

Dunlap & Otto, for administrator.

Surrogate's Court, Westchester County, July, 1919. [Vol. 108.

Slater, S. In this accounting is involved the rejected claim of Blanche Meda Freeman for services rendered to decedent from March, 1915, to the time of his death in December, 1916. The proof of claim presented to the administrator sets forth with care and in detail the services rendered and concludes with the statement that "decedent agreed to pay the claimant the sum of $5,000."

The burden of proof is upon the claimant to sustain the existence of an alleged oral contract for the payment of $5,000 for the services rendered the decedent. There is no rule of law that the claimant's contract must be in writing. Testimony by the husband of the claimant was to the effect that the decedent was to provide for the payment of the sum of $5,000 by his last will and testament. Such oral declarations of an intention to bequeath one's estate to another ought to be corroborated in all substantial particulars by disinterested witnesses. This may not be a rule of law, but such testimony should withstand the tests and standards which commonly guide the judicial conscience. *Winston* v. *Winston,* 165 N. Y. 553. I do not feel that the offered testimony to prove the contract to pay $5,000 is clear and convincing. I am of the opinion that the claimant did not establish the express contract by such proof as would entitle her to recover under the rule laid down by Judge Crane in *McKeon* v. *Van Slyck,* 223 N. Y. 392, and under the cases of *Rosseau* v. *Rouss,* 180 id. 116; *Rose* v. *Leask,* 124 App. Div. 799; *Butcher* v. *Geissenhainer,* 125 id. 272.

Under section 2510 of the Code of Civil Procedure this court is vested with certain equitable powers (see *Matter of Holzworth,* 166 App. Div. 150; affd., 215 N. Y. 700) to direct and control the conduct and settle the accounts of executors; to enforce the payment of

debts; to administer justice in all matters relating to the affairs of decedents in order to make a full, equitable and complete disposition of the matter.

The proof of claim presented to the administrator by the claimant enumerates the character of the services rendered to the decedent, and amply justifies a recovery upon *quantum meruit* for the services rendered at the request of the decedent. The claimant could recover by proving the express contract or she could recover upon a *quantum meruit* when the special promise was not established, but the evidence in fact showed a rendition of services under circumstances which implied an agreement to pay therefor. *Matter of McMillan,* 167 App. Div. 817; *Sturtevant* v. *Fiss, Doerr & Carroll Horse Co.,* 173 id. 113; *McKeon* v. *Van Slyck,* 223 N. Y. 392; *Ritchie* v. *Bennett,* 35 App. Div. 68.

In *Collier* v. *Rutledge,* 136 N. Y. 621, Judge Andrews, writing for the court, said: " The decedent made no testamentary provision for the plaintiff, and it is well settled that when services are rendered to a testator under a contract to make compensation therefor by will, and he dies having made no provision therefor, the person rendering the services stands as a creditor of the estate and may recover from his representatives the value of the services. The contract excludes the idea that the services were gratuitous. It, however, fixes no rule by which the damages can be measured in case of default. It is, however, a reasonable implication that it should be compensatory and that the provision not only shall be legal in form, but that the estate will be in a situation that in due course the provision can be satisfied. Where a testator wholly fails to make the promised provision, there seems in a case like this to be no other rule of damages practicable except the value of the services."

This reasoning was followed in *Lane* v. *Calby,* 95 App. Div. 11, and in *Cannon* v. *Sares,* 177 id. 588.

· In my judgment clear and convincing proof was made of the services rendered by the claimant at the decedent's request, and for which services he many times stated to witnesses he expected to pay. The inference of obligation to pay is clear. No payment on account of such services was made. The services extended from March, 1915, until July, 1916; a period of about sixteen months. Several witnesses testified to talks had with decedent in which he admitted the services and expressed his intention to discharge the obligation to pay therefor. In truth, the administrator does not deny the fact that services were rendered by the claimant for the period herein stated. They claim, however, if the express contract fails the claimant cannot recover on a *quantum meruit.* I do not agree with this contention.

I am of the opinion that a fair value of the services rendered by the claimant to the decedent is $1,360, and I so find.

Decreed accordingly.