In the Matter of the Judicial Settlement of the Accounts of WILLIAM G. WOOD, as Administrator, etc., of THEODORE F. BAYLES, Deceased, Late of the Town of Greenburgh, Appellant.

BLANCHE M. FREEMAN, Respondent.

Second Department, October 22, 1920.

Executors and administrators — claim for services rendered to intestate — quantum meruit — claim asserting express contract only.

A recovery upon a claim against an estate for services rendered to a decedent during his lifetime may be had upon a *quantum meruit* when an express contract is not established.

Where, however, the proof of claim is confined to an express contract to pay for services rendered, a recovery upon a *quantum meruit* is not justified in the absence of an amendment of the claim and a conformation of the pleading to the proof.

Where the proof of claim is confined to an express contract, the administrator is justified in confining his proof to that issue and may rely upon the rule of *secundum allegata et probata*.

APPEAL by William G. Wood, as administrator, from parts of a decree of the Surrogate's Court of the county of Westchester, bearing date the 7th day of October, 1919, and entered in the office of said Surrogate's Court.

*Walter G. C. Otto*, for the appellant.

*Ernest P. Hoes*, for the respondent.

JENKS, P. J.:

The decree awards the claimant $1,360 compensation for certain services rendered to the intestate and for incidental expenditures. The basis of the decree is *quantum meruit*. The opinion of the learned surrogate indicates that he rested such decree upon the undisputed proof of services at the request of the intestate, of certain expenditures and of statements of the intestate that he expected to pay for such services. (*Matter of Bayles*, 108 Misc. Rep. 117.) It may be conceded that there was no relation between claimant and intestate that justified a conclusion that such services or expenditures were gratuitous.

It is well settled that a recovery upon such a claim may be had upon *quantum meruit* when express contract is not established. (*Mc Keon* v. *Van Slyck,* 223 N. Y. 392.) Nevertheless I am of opinion that this decree should not stand. The proof of claim was confined to express contract. The evidence adduced was relevant to the issue thus tendered. At no time did the claimant seek to amend the proof of claim, or adduce proof that was germane to *quantum meruit* only, and then seek to conform her pleading to the proof. Indeed when, in the course of trial, the learned surrogate inquired if it was " admitted " that the doctrine of *quantum meruit* might apply, the administrator protested and insisted that the sole issue presented and tried up to that stage was express contract. The learned surrogate went no further, and the trial was continued as theretofore. For aught that appears, the decree upon *quantum meruit* was a judicial afterclap.

The administrator was justified in confining his proof to the issue of express contract. He could safely rely upon the rule of *secundum allegata et probata.* (*Reed* v. *McConnell,* 133 N. Y. 425; *Southwick* v. *First Nat. Bank of Memphis,* 84 id. 420; *Day* v. *Town of New Lots,* 107 id. 148.) It is no answer to say that the rendition of services was not disputed. The issue presented was whether the intestate had agreed to pay $5,000 for the services. Any " assumption " or " speculation " that the administrator has not been injured does not make for the claimant. (*Southwick* v. *First Nat. Bank of Memphis, supra,* 429.) Moreover, if the case admitted the principle of *quantum meruit,* the administrator might have offered proof that the services were worth less than $1,360 or that the value of the free lodging afforded to the claimant and her husband was an offset, wholly or partially, to any recovery against the estate.

The decree of the Surrogate's Court of Westchester county in so far as appealed from must be reversed, and the claim remitted to said court, with costs to abide the final award of costs.

MILLS, BLACKMAR, KELLY and JAYCOX, JJ., concur.

Decree of the Surrogate's Court of Westchester county in so far as appealed from reversed, and claim remitted to said court, with costs to abide the final award of costs.