In the Matter of the Judicial Settlement of the Intermediate
Account of Proceedings of ROSE A. MOODIE and Another, as
Executors, etc., of WILLIS B. MOODIE, Deceased.

Surrogate's Court, Westchester County, June 16, 1927.

**Executors and administrators — debts — claim based on quantum meruit
for services rendered — evidence establishes claim for services but not
for use of furniture.**

The claimant has filed a claim against an estate for services rendered to the
testator and seeks to recover for the services on the basis of *quantum meruit*.
The evidence strongly supports claimant's contention that the testator agreed
to pay the claimant for services rendered. The claimant is entitled to a fair
and reasonable compensation for services rendered by her as housekeeper, cook
and practical nurse in the home and office of the testator, a physician, for the
period of fifty-eight months, and such compensation is fixed at the rate of
$125 per month.

The claimant is not entitled, however, to receive compensation for the use of her
furniture, for there is no evidence to support any agreement to pay therefor.
The agreement between the testator and the claimant was that she would move
her furniture into testator's home and render services as specified above, and
there was no independent agreement to pay for the use of the furniture.

CLAIM against estate for services rendered the testator.

*Joseph F. Horan* [*Raymond E. Aldrich* of counsel], for the
executors.

*Eugene F. McKinley,* for Mary Kerslake, claimant.

SLATER, S. The main item in the bill of the claimant Mary
Kerslake is for services rendered. The testimony was clear, and
it is not denied that the services were rendered by the claimant
as housekeeper, cook and as practical nurse in the home and office
of the physician, the testator herein. The executrix contends there
was no agreement to pay for services rendered, other than by the
board of the claimant and her husband. The evidence is ample,
clear and convincing that the testator agreed to pay for services
rendered. There is no rule of law that the claimant's contract
must be in writing. The issue before the court is upon a *quantum
meruit* basis. (*Matter of Bayles,* 108 Misc. 117; *Matter of Otis,*
126 id. 741; *Matter of Wood,* 193 App. Div. 473; *McKeon* v. *Van
Slyck,* 223 N. Y. 392.) Testimony in support of the claimant to
pay, by entirely disinterested witnesses, is to the effect that the
testator would see to it that the claimant was paid in that after
a few years he would see to it that she would have a home of her
own. Some of the witnesses went so far as to say that the decedent

Surrogate's Court, Westchester County, June, 1927.     [Vol. 129

had agreed to give her the home that he was living in. The husband of the claimant received his board, for which it appears in return he acted as furnaceman, took care of the lawn, shoveled snow, etc. The evidence offered by the executrix was statements made by the claimant, admitted by the court as against her interest. The fact is they are mainly statements quite in harmony with the understanding between the claimant and the doctor, as testified by the witnesses for the claimant, except the testimony of the witness Velsor. The testimony against interest from the estate witnesses, except Velsor, was that the claimant was receiving no salary. That is true; the agreement did not contemplate a set monthly wage. The claimant did not have to tell every person that she talked with and relate the entire circumstances of her employment. Neither is the testimony against her interest in accepting a fifty-dollar check as a monthly wage in January, 1926, out of harmony with the original understanding. The testator could enter into a further understanding with the claimant and had a perfect right to do so, without jeopardizing the agreement to pay from May, 1921, up to January, 1926. The court cannot believe that the physician, secret in some things, intended to have the claimant work for him for five years as practical nurse, housekeeper and cook only for her board. The husband's board was worked out by his duties upon the place. The idea of the claimant's performing all of these recited labors for her board, or even her husband's board, and bringing her furniture to furnish the house of the testator, is not supported by a fair preponderance of the evidence. The very nature of the living, the work of the claimant, and the acceptance of the services by the decedent, is all in corroboration of the testimony of the witnesses that decedent intended and had agreed to pay.

Upon the facts of the case disclosed by the evidence, it is the opinion of the court that the claim was established by a fair preponderance of evidence. (*Caldwell* v. *Lucas*, 233 N. Y. 248, 254.) The claimant is entitled to a fair and reasonable compensation for the services rendered by her from May 20, 1921, to March, 1926, a period of fifty-eight months. It is my opinion that the agreement to pay has been proven by unbiased witnesses, and for this service I allow the wage of $125 per month, or $7,250.

There is no evidence in support of an agreement to pay for the use of the furniture. The matter of the furniture was all welded together with the services to be performed by the claimant. She was to come with her family and furniture. I disallow any amount for the use of furniture, as the evidence does not support it as a distinct item.

The other items of the bill of Mrs. Kerslake have not been sustained by evidence and, consequently, are disallowed.

The claim of Katherine Hergenham, a claimant, is allowed at $108.