In the Matter of Proceedings Supplementary to Execution: FELICE MANCARUSO, Respondent, v. LEWIS CUTHBERT, etc., Judgment Debtor. MIRIAM C. LOVELL, Appellant.— Order denying motion to vacate subpœna reversed upon the law, with ten dollars costs and disbursements, and the subpœna vacated and set aside, with ten dollars costs, upon the ground that the proceeding had lapsed and no jurisdiction existed for the issuance of the subpœna, and the proceeding could not be revived without notice to the judgment debtor. (*Matter of Wilson* v. *Bracken, Nos. 1 & 2,* 150 App. Div. 577.) Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

In the Matter of the Judicial Settlement of the Account of Proceedings of ROSE A. MOODIE AND FFARRINGTON M. THOMPSON, as Executors, etc., of WILLIS B. MOODIE, Deceased. ROSE A. MOODIE, Individually and as Surviving Executrix of the Estate of WILLIS B. MOODIE, Deceased, Appellant; MAY KERSLAKE, Respondent.— Decree of the Surrogate's Court of Westchester county, in so far as appealed from, modified by disallowing the claim of May Kerslake in the sum of $7,250 and allowing in the place thereof the sum of $100, being her wages for February and March, 1926; and as so modified affirmed, without costs. The evidence does not establish any definite agreement on the part of the deceased to turn over any specific property as part of the consideration for the services of the claimant during the period from May 20, 1921, to March 15, 1926, other than the consideration indisputably given to the claimant by the deceased, to wit, a home for herself and her husband up to January 1, 1926, when the decedent obligated himself, in addition to what he was theretofore giving to the claimant and her husband, to pay fifty dollars a month to the claimant. The right to a *quantum meruit* recovery may only arise where a contract by a decedent to give property in return for services has been established by clear and convincing evidence, and the further proof that such a contract has been breached by the failure to give the property agreed upon as the consideration for the services. (*McKeon* v. *Van Slyck,* 223 N. Y. 392.) That is not this case. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur. [129 Misc. 853.]

In the Matter of the Petition of JACOB ROSENBERG and Others, for the Distribution of Unlawful Accumulations of Income from Trust Fund, etc., of CHARLES ROSENBERG, Deceased. JACOB ROSENBERG and Others, Appellants; BARBARA ROSENBERG and Others, as Executors and Trustees, etc., of CHARLES ROSENBERG, Deceased, Respondents.— Order of the Surrogate's Court of Richmond county denying petition for distribution of accumulations of income, reversed upon the law and the facts, without costs, and matter remitted to the surrogate with a direction to order partial distribution of accumulated income upon an accounting to be made by the executors and trustees. Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur.

JAMES E. KACZOROWSKI, Respondent, v. THE PENNSYLVANIA RAILROAD COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Seeger and Scudder, JJ.