Margaret McKeon, Appellant, v. Frederick N. Van Slyck et al., as Administrators with the Will Annexed of the Estate of George Brown, Deceased, Respondents.

**Practice — civil trials — evidence — plaintiff never required to prove his case by more than a preponderance of evidence — erroneous charge as to evidence required to prove contract with deceased person — intoxication — erroneous charge as to incapacity of decedent to make contract when intoxicated.**

1. In civil cases a plaintiff is never required to prove his case by more than a preponderance of evidence. This is as true of actions against an executor, founded on claims put forward for the first time after the death of the testator, as it is of other actions. There is no rule of law that the claimant's contract must be in writing, or even that it must be made out in all substantial particulars by disinterested witnesses (*Hamlin* v. *Stevens*, 177 N. Y. 39, distinguished.)

2. Defendants' intestate was a frequent visitor at the home of plaintiff and it is alleged made an arrangement with plaintiff that if she would provide him permanently with a room in her home and board him and take care of him when he came to the city he would leave her by his will $25,000. The intestate having died without keeping his promise, this action is brought to recover from his estate the $25,000 upon an express contract, the complaint also alleging the fair and reasonable value of the services performed by plaintiff as a basis for a recovery upon *quantum meruit*. Held, that the jury might properly have been instructed that they could reject the testimony though uncontradicted unless they found it clear and convincing. They might even have been instructed that they could in their discretion reject it if it was not corroborated in all substantial particulars by disinterested witnesses. But they could not properly be instructed that such corroboration was essential as a matter of law, or that the law viewed the claim with suspicion.

3. The court charged the jury that if they determined that the intestate " when in an intoxicated condition, said that he would take care of the plaintiff in his will, she cannot recover and your verdict should be for the defendant." This was error since an intoxicated man may be able to make a contract, depending upon the effect of the intoxication upon his understanding and mental capacity.

*McKeon* v. *Van Slyck*, 171 App. Div. 913, reversed.

(Argued March 27, 1918; decided May 14, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 6, 1915, affirming a judgment in favor of defendants entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Oswald N. Jacoby* and *Samuel J. Levinson* for appellant. The record presents prejudicial error in the refusal of the trial judge to allow the jury to award substantial damages to the plaintiff on a *quantum meruit*, despite the jury's finding that compensation is due to the plaintiff for services rendered to decedent, even though there was no express contract. (*Sussdorf* v. *Schmidt*, 55 N. Y. 319; *Clapp* v. *Schaus*, 156 App. Div. 681; *Baumann* v. *Manhattan, etc., Co.*, 97 App. Div. 470; *Lockhart* v. *Hamlin*, 190 N. Y. 132; *Lyon* v. *Westside, etc., Co.*, 132 App. Div. 777; *Prentice* v. *Fargo*, 53 App. Div. 608; *Sturtevant* v. *Fiss, etc., Co.*, 173 App. Div. 113; *Lasher* v. *McDermott*, 91 Misc. Rep. 305; *Shirk* v. *Brookfield*, 77 App. Div. 295; *Rubin* v. *Cohen*, 129 App. Div. 395.) The charge to the jury, considered as a whole, is erroneous and highly prejudicial. It cast suspicion and discredit upon the plaintiff's entire case. (*People* v. *Becker*, 210 N. Y. 274; *Smith* v. *Lehigh Valley R. Co.*, 170 N. Y. 394; *Peterson* v. *Eighmie*, 175 App. Div. 113; *Burns, etc., Agency* v. *Powers*, 176 App. Div. 114; *Hunt* v. *Becker*, 173 App. Div. 9; *Kennedy* v. *Nat. Jewellers' Bd. of Trade*, 175 App. Div. 735; *Berkowitz* v. *Schlanger*, 70 Misc. Rep. 239; *Morfeld* v. *Weidner*, 154 N. W. Rep. 860; *Starling* v. *Selma Cotton Mills*, 171 N. C. 222; *Lerch* v. *Hershey, etc., Co.*, 246 Penn. St. 473; *Dowd* v. *Chicago Ry. Co.*, 153 Ill. App. 85; *Westberry* v. *Clanton*, 136 Ga. 795; *Goss* v. *Steiger, etc., Works*, 148 Cal. 155; *Ray* v. *Patterson*, 165 N. C. 512; *Watson* v. *Adams*, 65 So. Rep. 528; *Stirling* v. *Stirling*, 64 Md. 138; *Miller* v. *U. S.*, 37 App.

D. C. 138.) The charge in chief and the special requests to charge by defendants' counsel granted by the court constituted reversible error, in that they imposed upon the plaintiff too high a degree of proof in making out her case. (*Gibbs* v. *Carnahan*, 4 Misc. Rep. 564; 77 Hun, 607; 149 N. Y. 567; *Lewis* v. *Merritt*, 113 N. Y. 386; *Roberge* v. *Bonner*, 185 N. Y. 265; *Southard* v. *Curley*, 134 N. Y. 148; *Seybolt* v. *N. Y., etc., R. R. Co.*, 95 N. Y. 562; *Kurz* v. *Doerr*, 180 N. Y. 88; *Davis* v. *Rome, etc., R. R. Co.*, 56 Hun, 372; *Probst* v. *Delamater*, 100 N. Y. 266; *Johnson* v. *Agricultural Ins. Co.*, 25 Hun, 251; *People* v. *Briggs*, 114 N. Y. 56; *Tholen* v. *B. C. R. R. Co.*, 10 Misc. Rep. 283; *Johnson Service Co.* v. *Maclernon*, 142 App. Div. 677; *Serra* v. *B. H. R. R. Co.*, 95 App. Div. 159; *Wilcox* v. *Wilcox*, 46 Hun, 32; *Erwin* v. *Curtis*, 43 Hun, 292.) It was reversible error to charge that every detail of the plaintiff's case must be proved by a preponderance of the evidence, and it was also reversible error to charge that in the case at bar, the contract not being in writing, the evidence must be given in all particulars by disinterested witnesses, plaintiff duly excepting thereto. (*Goodwin* v. *State*, 96 Ind. 550; *Horn* v. *State*, 73 Pac. Rep. 705; 4 Wigmore on Evidence, p. 3545, § 2497; *Morgan* v. *State*, 71 N. W. Rep. 788; *State* v. *Gleim*, 17 Mont. 17; *Hamilton Co.* v. *Lawson*, 175 S. W. Rep. 474; *Thiele* v. *Hetzel*, 184 Ill. App. 633; *Lerch* v. *Hershey, etc.*, 92 Atl. Rep. 693; *Stetzler* v. *M., etc., Co.*, 210 Mo. 704; *Smith* v. *Fairs*, 122 S. W. Rep. 433; *Crabtree* v. *M. & C. Co.*, 86 Neb. 33; *Stirtz* v. *C. & C. R. R. Co.*, 33 Ky. L. R. 309.) The charge to the jury that the plaintiff could not recover if Brown made the express contract sued upon in an intoxicated condition, constitutes prejudicial error, plaintiff duly excepting thereto. (*E. I. Du Pont, etc., v. Schwenger*, 90 Misc. Rep. 678; *Dickey* v. *Ghere*, 163 Ill. App. 641; *Van Wyck* v. *Brasher*, 81 N. Y. 260; *Peck* v.

*Cary,* 27 N. Y. 9; *Gardner* v. *Gardner,* 22 Wend. 526; *Sievertsen* v. *Chemical Co.,* 160 Iowa, 662; *Matz* v. *Martinson,* 127 Minn. 262; *Sneed* v. *Scott,* 62 So. Rep. 36.)

*N. Otis Rockwood* and *M. Glenn Folger* for respondents. A verdict for the plaintiff could not have been sustained on any theory as there was no proof of any employment. (*Robinson* v. *Raynor,* 28 N. Y. 494; *Shakespeare* v. *Markham,* 10 Hun, 311; 72 N. Y. 400; *Wildman* v. *Jones,* 150 App. Div. 514; *Butcher* v. *Geissenhainer,* 125 App. Div. 272; *Minuth* v. *Barnwell,* 106 App. Div. 437; *Murphy* v. *Murphy,* 118 App. Div. 61.) There was no prejudicial error in the charge to the jury. (*Smith* v. *L. V. R. R. Co.,* 170 N. Y. 394; *Hamlin* v. *Stevens,* 177 N. Y. 39; *Rosseau* v. *Rouss,* 180 N. Y. 116; *Roberge* v. *Bonner,* 185 N. Y. 265; *Middleworth* v. *Ordway,* 191 N. Y. 404; *Ide* v. *Brown,* 178 N. Y. 26; *Mahaney* v. *Carr,* 175 N. Y. 454.)

Crane, J. George Brown, a resident of Dutchess county, was a bachelor. He made frequent visits to New York city to collect the rents of valuable real property which he owned. On these occasions, after having transacted his business, he indulged so liberally in drink as to be unable to take care of himself for days at a time. Friends and acquaintances looked him up, straightened him out and sent him home. Among these was a business acquaintance, Bartholomew McKeon, who had done plumbing work on Brown's property. As their acquaintanceship became more intimate, Brown employed McKeon to manage his properties and collect the rents, which arrangement continued until Brown's death in May, 1912. At the time of his death, Brown was seventy-two years of age.

Prior to 1897 Brown became a frequent visitor at the McKeon home in New York city, but his drunken and intoxicated condition was so objectionable that Mrs.

McKeon protested against his being brought to the house. Brown, it is alleged, thereupon talked with Mrs. McKeon and made an arrangement that if she would provide him permanently with a room in her home and board him and take care of him when he came to the city, he would leave her by his will $25,000.

Brown having died without keeping his promise, this action is brought to recover from his estate the $25,000 upon an express contract, the complaint also alleging the fair and reasonable value of the services performed by Mrs. McKeon as a basis for a recovery upon *quantum meruit.*

On the trial of the action the jury rendered a verdict for the defendants, and the judgment entered thereon has been affirmed on appeal to the Appellate Division, two justices dissenting.

We are asked to reverse this judgment because of the errors committed by the trial justice in his charge to the jury.

There is much evidence to show that Mr. Brown, after 1897, came to the home of the plaintiff nearly every month for a week or more and that he was there taken care of by the plaintiff and her servants and furnished with his meals. His condition from drink made him at times so filthy and helpless that for a period of seven years a man named William A. Johnson was employed by the plaintiff to take care of him and clean him up. The various services which were rendered by the plaintiff were testified to by the said Johnson, by Ellen Seay, a chambermaid and waitress with Mrs. McKeon for nine years, by Anna McCloskey, a visitor, and by Bartholomew McKeon, the plaintiff's husband. The latter and Anna McCloskey testified to the express promise to pay by will the $25,000 agreed upon for the services to be rendered, while the witnesses Sampson Friedlander, a lawyer, Oscar A. De Polo, a broker, Franklin L. Gilon,

an employee in the county clerk's office, Ellen Seay and Mary Moran all gave evidence of conversations with Brown wherein he related his arrangement with Mrs. McKeon to provide him with a room and board and stated that he had promised to compensate her well for her services. Although no witnesses were called by the defendants, yet the cross-examination of some of the plaintiff's witnesses left the case where the jury might have found for either party; that is, the result depended upon whether or not the jury believed the plaintiff's witnesses.

Under these circumstances, the instructions of the court to the jury should have been very clear and concise and should have left them in no doubt about the law. The justice said that claims of this kind are looked upon by the courts with suspicion; that every detail of the claim must be brought out and proven by a preponderance of the evidence; that a contract of this kind must be given in all particulars by absolutely disinterested witnesses and established by the clearest and most convincing evidence. These statements were incorrect.

In civil cases a plaintiff is never required to prove his case by more than a preponderance of evidence. This is as true of actions against an executor, founded on claims put forward for the first time after the death of the testator, as it is of other actions. (*Lewis* v. *Merritt,* 113 N. Y. 386.) No doubt in determining whether the preponderance exists, the triers of the facts must not forget that death has sealed the lips of the alleged promisor. They may reject evidence in such circumstances which might satisfy them if the promisor were living. They must cast in the balance the evidence offered upon the one side and the opportunities for disproof upon the other. They may, therefore, be properly instructed that to make out a preponderance, the evidence should be clear and convincing. (*Roberge*

v. *Bonner,* 185 N. Y. 265.) But all these instructions in last analysis are mere counsels of caution. The responsibility of determining whether the evidence is clear and convincing must ultimately rest upon the jury, subject, of course, to the power of the court to set aside their verdict. There is no rule of law that the claimant's contract must be in writing, or even that it must be made out in all substantial particulars by disinterested witnesses. *Hamlin* v. *Stevens* (177 N. Y. 39) is sometimes cited for such a rule, but mistakenly. There, the action was in equity for specific performance, and the trial judge found against the contract. The only question was whether evidence erroneously excluded would have changed the result. We held that even with the evidence admitted the result would have been the same. We reached that conclusion in the light of the accepted principles which guide courts of equity in decreeing specific performance. We said that oral declarations of an intention to bequeath one's estate to another ought not to be held sufficient basis for the finding of a contract unless corroborated in all substantial particulars by disinterested witnesses. In saying that we did not mean to lay down a rule of law. We gauged the significance of the excluded testimony by the tests and standards which commonly guide the judicial conscience. (*Winston* v. *Winston,* 165 N. Y. 553.) In like manner, we have sometimes said that divorces ought not to be granted on the uncorroborated evidence of private detectives (*Moller* v. *Moller,* 115 N. Y. 466), but when a trial judge put before a jury as a rule of law this caution designed to guide the judicial conscience, we pronounced the ruling error. (*Yates* v. *Yates,* 211 N. Y. 163.)

In the instant case the jury might properly have been instructed that they could reject the testimony though uncontradicted unless they found it clear and convincing. They might even have been instructed that they could

in their discretion reject it if it was not corroborated in all substantial particulars by disinterested witnesses. But they could not properly be instructed that such corroboration was essential as a matter of law, or that the law, irrespective of the circumstances, viewed the claim with suspicion.

This action is not for specific performance but for a sum of money due on an alleged express contract for services rendered. It is also to recover upon *quantum meruit* for those services if rendered at the request of the deceased. The plaintiff could recover $25,000 by proving the express contract, or she could recover upon a *quantum meruit* when the special promise was not established but the evidence in fact showed a rendition of services under circumstances which implied an agreement to pay therefor. (*Sturtevant* v. *Fiss, Doerr & Carroll Horse Co.*, 173 App. Div. 113.) Upon either of these propositions the plaintiff was bound to make out her case by a fair preponderance of evidence and by nothing more. (*Southard* v. *Curley*, 134 N. Y. 148; *Roberge* v. *Bonner, supra; Lewis* v. *Merritt*, 113 N. Y. 386.)

In his charge to the jury the justice said: " If you determine that Brown, when in an intoxicated condition, said that he would take care of the plaintiff in his will, she cannot recover and your verdict should be for the defendant." This was error for two reasons: *First,* there was no evidence of Brown's intoxication at the time of the promise; *second,* an intoxicated man may be able to make a contract, depending upon the effect of the intoxication upon his understanding and mental capacity.

While the justice left it to the jury to find upon *quantum meruit*, or, as he said, " to fix what would be a proper compensation to award her under the circumstances," he also charged " that there is absolutely no

evidence as to the value of the services rendered." . This was not true as the witness De Polo had testified that the fair charge for the room that Mr. Brown occupied would be $10 or $12 weekly.

After the jury had been out awhile, they returned to the court with the following question: " They are all agreed that no contract existed, but nevertheless feel that some compensation is due to the plaintiff for the services rendered Brown. The question is, can the jury find a verdict in favor of the plaintiff for the services rendered notwithstanding the fact that they do not recognize the existence of an agreement or contract between Brown and Mrs. McKeon." The court answered: " In answer to your inquiry I want to say, gentlemen, that if you determine, as you say in this question, that there was no contract, why then your verdict must be for the defendants." All through his charge the justice had been speaking of the express contract to pay $25,000, and it is natural to suppose that when the jury returned and stated that they had agreed that no contract existed they referred to this express contract. They had been instructed in the following words upon the *quantum meruit* element in the case: " There is evidence that at times, covering a long period, decedent did remain in the home of the plaintiff, averaging from two and three days a week to as high as six times a week, and that such visits occurred sometimes monthly and sometimes twice a month. In view of the fact that there is no absolute testimony fixing the exact time and no testimony as to the value of such services, you have a right, if you determine that the plaintiff is entitled to a verdict, to fix what would be a proper compensation to award her under the circumstances. Being the sole judges of the facts, you are also the sole judges of what would be a proper compensation to award this plaintiff if you find that she

is entitled to a verdict." The judge does not speak of any contract, or implied contract, as a basis for the recovery on *quantum meruit*, and his answer to the question put by the jury leads one to the conclusion that they were misled into believing that the plaintiff could not recover under any circumstances if there were no express contract. It is true that a recovery upon *quantum meruit* is based upon a contract of employment, express or implied, but as this was not explained to the jury we can hardly imagine that they knew or appreciated this point. (*Minuth* v. *Barnwell*, 106 App. Div. 437, 442.)

Because of these substantial errors, the judgment appealed from must be reversed and a new trial ordered, costs to abide the event.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO, POUND and ANDREWS, JJ., concur.

Judgment reversed, etc.