In the Matter of the Intermediate Judicial Settlement of the Accounts of SAMUEL G. H. TURNER and CONRAD S. SHEIVE, as Executors, etc., of WILLIAM E. SHEIVE, Deceased.

SARAH C. SHEIVE, Appellant; SAMUEL G. H. TURNER and Others, Respondents.

Third Department, February 28, 1921.

Executors and administrators — claims against estate — claim by widow for money loaned to husband — evidence not justifying allowance.

The proof by a widow of an alleged claim against her husband's estate for money loaned to him was insufficient to establish the claim, and the action of the surrogate in refusing the allowance thereof was proper.

APPEAL by Sarah C. Sheive from that part of a decree of the Surrogate's Court of the county of Chemung, entered in the office of said surrogate on the 21st day of June, 1920, disallowing the claim of the appellant.

*Stanchfield, Lovell, Falck & Sayles* [*Pierre W. Evans* of counsel], for the appellant.

*Lewis Henry,* for the executors, respondents.

---

* See, also, State Finance Law, § 93, as re num. from § 97 by Laws of 1911, chap. 634.— [REP.

*David N. Heller,* special guardian for the respondent Helen Frances Sheive.

VAN KIRK, J.:

The widow of the deceased, Sarah C. Sheive, presented a claim against her husband's estate for $4,900, which she claims she loaned to him between March, 1913, and January, 1917, $500 or $600 being loaned on each occasion. From the disallowance of this claim the appeal is taken. The only witness for claimant is her sister, who testifies that each loan was made in her presence, no others being present than the deceased and the claimant. The witness lived in Philadelphia. Five of the loans were said to have been made in Philadelphia, the others in Elmira, the home of the deceased. No note or memorandum in writing is claimed to have been given for any loan, but it does appear that for another $500 loan the deceased gave a note, which was paid when the claimant presented it after his death. The sister testifies that, on the first occasion, the loan was of a wedding present. Of the other moneys loaned it is claimed that the sister first loaned to the claimant and she in turn loaned it to the deceased. She says that the moneys which were loaned in Elmira she had brought with her in cash from Philadelphia. She had four bank accounts in Philadelphia, yet neither bank account showed a withdrawal of any one of the amounts she testifies she furnished to her sister. The safety deposit box of deceased contained, at the time of his death, in bills, $2,645. He was not accustomed to borrowing money at his bank. The deceased died possessing an estate of some $200,000. In his will he gave to his wife $25,000, and she received $18,000 in addition by an agreement with other legatees. The will makes no mention of any indebtedness to his wife.

The appellant urges that the surrogate decided the case under a misapprehension of the law. His decision shows that he gave careful consideration to the testimony and found that the evidence in support of the claim was insufficient. He cites an authority (*Butcher* v. *Geissenhainer,* 125 App. Div. 272), which had been somewhat modified or explained by the decision of the Court of Appeals in *McKeon* v. *Van Slyck* (223 N. Y. 392) and other recent cases. But he has evidently decided the case on account of insufficiency of

the claimant's proof. The surrogate was the trier of the facts, and it was entirely proper that he should have in mind those rules of caution which are referred to in *McKeon* v. *Van Slyck.*

We find no error.in the decision of the surrogate, that his decision was well justified by the evidence, and the order denying the claim should be affirmed, with costs.

Decree unanimously affirmed, with costs.