In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings of United States Trust Company of New York, as Executor, etc., of Anna Maria Jones, Deceased.

Surrogate's Court, Bronx County, August, 1923.

**Executors and administrators — claim against estate of deceased — when evidence sufficient to establish debt.**

While claims against decedents' estates need only be established by a fair preponderance of evidence, it is not essential that the evidence should be in writing or of a different kind than would be required if the alleged debtor was still alive. But the fact that he is dead should be kept in mind by the court in reaching a conclusion.

A farm in which the husband of decedent had a life estate was conveyed to him by his children, the owners of the fee. Later the farm formed a part of the consideration for a parcel of real estate the deed of which was taken in the names of decedent and her husband. When later the property was sold a check for $12,000 was deposited by the husband in his bank and on the same day he gave a check for a like amount to decedent, whose estate after payment of debts, funeral expenses and expenses of administration was in excess of $132,000, and she bequeathed to the children of her husband $4,000, share and share alike. Upon the hearing of a claim filed by the children of decedent's husband against her estate for $12,000, written evidence indicating that there was some transaction between them and decedent relating to an agreement on her part that in consideration of her life use of $12,000, the value at which it was claimed the farm was figured in the purchase of the other property, she would leave that amount to claimants at her death, corroborated the testimony of witnesses that such an agreement existed. A writing executed by the children about ten days after the death of their father and releasing the decedent herein from all claims, etc., as heirs at law in any estate or interest vested, contingent or however remote of their father, was found among the papers of decedent and produced by her executor. *Held*, that the claim had been established by a fair preponderance of evidence and it appearing by the account of the executor the legacy of $4,000 had been paid, the claim herein will be allowed at $8,000.

Accounting proceeding.

*Stewart & Shearer* (*Harry H. Hoffnagle*, of counsel), for accountant.

*Woodward, Dennis & Buhler* (*Holmes V. M. Dennis* and *Arthur B. King*, of counsel), for claimants.

*Harry B. Chambers*, special guardian.

Schulz, S. The decedent left a last will and testament in which she bequeathed to the respondents the sum of $4,000 to be divided between them equally, share and share alike. The

respondents are the children of the deceased husband of the decedent, and upon the latter's death filed a claim against her estate in the sum of $12,000, alleging that at various times in or about the month of February, 1906, the decedent for a valuable consideration and acknowledging her indebtedness to them agreed that she would by her last will and testament provide for the payment to them, share and share alike, of such amount. It becomes necessary to determine this claim upon the pending accounting. It appears that her estate, after the payment of debts, funeral expenses and expenses of administration shown in the account, is in excess of $132,000.

The contract alleged was not a special promise to answer for the debt, default or miscarriage of another person and hence did not come under the provisions of section 31 of the Personal Property Law (Laws of 1909, chap. 45; Consol. Laws, chap. 41) which require that in such a case it or some note or memorandum thereof be in writing and subscribed by the party to be charged therewith. The presentation of the claim did not bring into operation the provisions of the *in terrorem* clause, and hence the respondents did not imperil the legacy in the will for their benefit.

Claims against decedents' estates are required to be established only by a fair preponderance of evidence. It is not essential that they be proved by written evidence or by evidence of a different kind than would be the case if the alleged debtor were still alive. *Mc Keon* v. *Van Slyck*, 223 N. Y. 392; *Ward* v. *New York Life Ins. Co.*, 225 id. 314; *Matter of Sherman*, 227 id. 350.

The fact, however, that one of the parties is dead and hence cannot defend against the claim, should be kept in mind by the court in arriving at a conclusion. *Caldwell* v. *Lucas*, 233 N. Y. 248, modifying *Frisbee* v. *Lucas*, 192 App. Div. 583, 589; *Kearney* v. *Mc Keon*, 85 N. Y. 136; *Van Slooten* v. *Wheeler*, 140 id. 624; *Hamlin* v. *Stevens*, 177 id. 39; *Rosseau* v. *Rouss*, 180 id. 116.

Examining the evidence with this in mind, it appears that so much thereof as is in writing indicates that the children conveyed to their father a farm of which they owned the fee and in which he had a life estate; that this farm later formed a part of the consideration for a parcel of real estate in the city of New York, the deed of which was taken in the names of the decedent and her husband. This property was subsequently sold, and at the time of the sale a check in the sum of $12,000 was deposited by the husband of the decedent in his bank, and on the same day a check for the said amount was given by him to the decedent. He died on February 18, 1906. Subsequently, on February 22, 1906, a letter was written by the decedent to one of the respondents and

Surrogate's Court, Bronx County, August, 1923.       [Vol. 121

his wife in which she asked them to call upon her on February twenty-seventh, and stated that by that time.she could have the papers fixed up and could go downtown with them to have " it " signed.   A release is in evidence bearing date February 27, 1906, which recites that in consideration .of one dollar and of the decedent making provision for the respondents in her will, " this day executed by her by the following clause II ' to pay to the children of my deceased husband Louis D. Jones the sum of Twelve thousand ($12,000) dollars, share and share alike,' " the respondents release her from all claims, etc., and more particularly so in so far as the. respondents may have been, are or will be interested as heirs at law in any estate or interest, vested, contingent or however remote of their deceased father, Lewis D. Jones.   This release was found among the papers of the decedent and produced by the petitioner, and the presumption is, therefore, warranted that it had been delivered to her during her lifetime.   On April 10, 1906, administration upon the estate of the husband of the decedent was granted to the latter, one of the respondents and the husband of another becoming sureties upon her bond.

It is contended that the decedent had agreed that in consideration of the fact that she had the life use of the said sum of $12,000, the value at which it is claimed the farm was figured in the. purchase of the New York city property, she would leave. that amount to the respondents at her death.

The written evidence alone indicates that there was some transaction between the respondents and the decedent with reference to such a legacy, and the testimony of the witnesses is to the effect that such an agreement existed.   The testimony was given for the most part by witnesses related to the respondents, and if there were no written evidence, I doubt whether a finding in their favor would be warranted.   But in the light of the written evidence which to some extent at least corroborates the testimony, I believe that an agreement between the decedent and the respondents, as contended for by the latter, made on or about the 27th day of February, 1906, has been established by a fair preponderance of the evidence.

While the transactions between the respondents and their deceased father in the absence of the decedent, of course, are not binding upon the latter, and I do not feel warranted in reaching a conclusion that an agreement actually existed between the decedent and his wife to the effect that if he gave her the $12,000 referred to, she would leave that amount to the children when she died, I have nó doubt from the evidence that such a disposition was discussed by them, and in view of the undisputed facts, such a

discussion and such a disposition would have been a natural one. It is my opinion that the transactions between the husband and wife finally culminated on or about the 27th of February, 1906, after his death, by the respondents giving the decedent the release heretofore referred to upon her agreement to make the disposition stated.

It is somewhat difficult to explain the fact that the alleged carbon copy of the release does not agree with the original thereafter put in evidence, and I am not giving any weight to such copy in reaching my conclusion. I am considering the original release which was found by some representative of the petitioner among the papers of the decedent.

As the claim arose upon an agreement by the decedent to bequeath to the respondents the sum of $12,000, and she has in fact given them a legacy of $4,000, which the account shows has been paid to them, their recovery upon the claim is limited to $8,000, at which amount the same is allowed.

Costs, to be taxed, are awarded to the petitioner and the respondent, and an allowance will be made to the special guardian payable out of the estate. Settle decision and decree accordingly.

Decreed accordingly.