PATRICK M. FLANAGAN, Appellant, *v.* MARGARET A. FLANAGAN, Respondent, Impleaded with PATRICK M. FLANAGAN and Others, as Executors, etc., of MARY FLANAGAN, Deceased, Defendants.

Fourth Department, May 7, 1924.

Contracts — in action for partition respondent alleged as defense contract with her mother to give respondent property in question if r spondent would care for mother for life — mother made will carrying out te. ms of contract but subsequently changed it — respondent fully performed contract — Statute of Frauds was not pleaded — contract is proven by clear evidence and will be enforced.

In an action for partition, the defense interposed by the respondent that she was entitled to the land in question under an oral agreement with her mother must be sustained, since it appears that the mother agreed that if the respondent would live with her during the remainder of her life and care for her she would give the respondent the property in question; that the respondent fully performed her part of the contract and her mother made a will devising the property to her, but subsequently changed it; that the evidence is clear and convincing as to the making of the contract; and that the defense of the Statute of Frauds was not interposed to respondent's claim.

HUBBS, P. J., dissents.

APPEAL by the plaintiff, Patrick M. Flanagan, from a judgment of the Supreme Court in favor of the defendant, Margaret A. Flanagan, entered in the office of the clerk of the county of Oneida on the 3d day of March, 1924, upon the report of a referee appointed to hear and determine the whole issues.

*Leon L. Arthur* [*James F. Hubbell* of counsel], for the appellant.

*Hart & Senior* [*A. G. Senior* and *H. H. Breland* of counsel], for the respondent.

CLARK, J.:

Plaintiff and defendant Margaret A. Flanagan are brother and sister, and the only persons interested in this controversy. This action was brought to partition three parcels of land situated in Oneida county, and owned by Mary Flanagan, mother of plaintiff and defendant Margaret A. Flanagan at the time of her death. No

controversy arises over two of the parcels of land described in the complaint, but as to what is known as the Holland avenue property, located on Holland avenue in the city of Utica, there is a controversy.

Defendant Margaret A. Flanagan alleges in her answer that prior to March 26, 1920, in order to induce her to live and reside with her, and care for her during her declining years, and to assume control of her household and business, her mother, Mary Flanagan, agreed to give to her said daughter Margaret, by her last will and testament, the said Holland avenue property in payment for said care and services; that said Margaret A. Flanagan has duly performed all the conditions of said agreement on her part to be kept and performed, but that her mother failed to perform her part of the agreement and left a will by which Margaret was given only an undivided one-half interest in said Holland avenue property.

By his reply plaintiff denied the making of the contract relied on by his sister, but did not plead the Statute of Frauds. (See Real Prop. Law, §§ 242, 259.)

In cases of this character I do not understand that where the Statute of Frauds is not relied upon it is necessary that such an agreement be in writing. (*McKeon* v. *Van Slyck*, 223 N. Y. 392.)

If the contract is oral it must of course be established by clear, convincing and satisfactory evidence (*Shakespeare* v. *Markham*, 72 N. Y. 400; *Hamlin* v. *Stevens*, 177 id. 39; *Tousey* v. *Hastings*, 194 id. 79), but where the evidence to establish an oral contract to convey land is clear and convincing it is sufficient, for the party seeking to establish such a contract need not establish his contentions beyond a reasonable doubt, but only by a fair preponderance of the evidence. (*Epps* v. *Price*, 230 N. Y. 542; *McKeon* v. *Van Slyck, supra; Ward* v. *N. Y. Life Ins. Co.*, 225 N. Y. 314; *Caldwell* v. *Lucas*, 233 id. 248.)

Several witnesses testified to statements made by the testatrix to the effect that the Holland avenue property was to belong to defendant Margaret A. Flanagan, and that the house testatrix was building on that property was for her daughter.

The architect who drew the plans for this house testified that Mrs. Flanagan told him that she was building the house for her daughter, and that it was to be hers.

The caretaker employed by testatrix for several years prior to her death testified that when the Holland avenue house was in process of construction Mrs. Flanagan stated to him that she was building the house for her daughter and she was to have

it if she stayed with her as long as she lived. To the same effect was the testimony of George H. Du Pont

Another witness, Catherine Holland, a niece of testatrix, testified that she told her that there was an agreement between herself and her daughter, and in that conversation she stated to the witness that the Holland avenue property was Margaret's; that the house was being built for her, and that she had made an agreement with her to the effect that if Margaret would stay and take care of her while she lived, the home was to be hers when she died.

It is undisputed that the daughter did stay and take care of her mother until she died. She fully performed her part of the agreement. Indeed, it is clear that the mother fully intended to carry out the agreement as cla'med by Margaret, for in January, 1919, she prepared a will and by its terms the Holland avenue house was devised to her daughter.

For some unexplained reason testatrix changed her mind and by her last will executed October 14, 1919, she gave this property to her son and daughter share and share alike.

That fact, however, would not deprive Margaret of the right to enforce the previous contract fully performed on her part, provided it was established by clear and satisfactory evidence. (*Winne* v. *Winne*, 166 N. Y. 263; *Mutual Life Ins. Co.* v. *Holloday*, 13 Abb. N. C. 16; *Barrett* v. *Miner*, 119 Misc. Rep. 230.)

The case of *Burns* v. *McCormick* (233 N. Y. 230) is not in conflict with these views. That was an action for specific performance of an oral agreement to convey real property. Plaintiffs claimed that the testator had agreed with them that if they gave up their home and business in Allegany county and came and cared for him during his life, his house and lot in Hornell and the furniture therein would be theirs upon his death. Plaintiffs fully performed. Decedent had made a will before this verbal agreement was made and never made another. The Statute of Frauds (Real Prop. Law, § 259) was pleaded as a defense in that case, and when it finally reached the Court of Appeals it was held that that defense must be sustained, for there was no deed or will or memorandum signed by the testator.

In the case at bar the Statute of Frauds was not pleaded as a defense; plaintiff simply denied the making of the contract as claimed by defendant Margaret.

The learned and experienced referee before whom the case was tried found on the evidence that the agreement claimed by defendant was actually made; that " defendant gave years of her life to the performance of her part, and her claim should not be defeated because her mother capriciously changed her mind."

While it is true that parol contracts of this nature should be looked into with the utmost care to the end that unjust claims against deceased persons might not prevail, where as in this case the agreement was established by clear and convincing evidence, most of it being furnished by disinterested witnesses, and the contract has been fully performed by one party, it should be enforced against the other.

The judgment should be affirmed, with costs.

All concur, except HUBBS, P. J., who dissents and votes for reversal.

Judgment affirmed, with costs.