MARY DORIS KETCHAM, an Infant, by IDA D. VROOMAN, Her Guardian ad Litem, Respondent, v. FRED B. WILBUR, as Executor, etc., of MARY B. HAND, Deceased, Appellant.

*Contracts — action to recover on alleged contract to devise — evidence does not show that contract was made.*

Appeal from a judgment of the Supreme Court, entered in the Onondaga county clerk's office May 25, 1927, in favor of the plaintiff, and also from an order entered June 3, 1927, denying defendant's motion for a new trial made upon the minutes.

PER CURIAM: The only testimony upon which a contract on the part of the deceased to leave property to the plaintiff in her will sufficient for plaintiff's education, maintenance and musical training until she should reach her majority is found in the testimony of Mrs. Gascoin. The testimony as to such contract at the best is none too clear. Its probative force is greatly weakened by the varying versions of the conversation given by the witness, in several of which she narrates

the conversation in such a way as to leave no basis for a contract in favor of the plaintiff as a beneficiary. The force of her testimony is further weakened by her many contradictory statements made to the lawyers on both sides of this controversy. Considering all these matters and the other evidence in the case, and giving weight to the " counsels of caution " contained in many judicial utterances, we find the evidence insufficient to sustain the jury's finding as to the existence of the contract alleged in the complaint. (*Mc Keon* v. *Van Slyck*, 223 N. Y. 392; *Ward* v. *New York Life Ins. Co.*, 225 id. 314; *Wallace* v. *Wallace*, 216 id. 28; *Hamlin* v. *Stevens*, 177 id. 39; *Rosseau* v. *Rouss*, 180 id. 116; *Roberge* v. *Bonner*, 185 id. 265; *Tousey* v. *Hastings*, 194 id. 79; *Shakespeare* v. *Markham*, 72 id. 400; *Kenny* v. *Carroll*, 207 App. Div. 729.) All concur, except Clark, J., who dissents and votes for affirmance. Present — Hubbs, P. J., Clark, Sears, Crouch and Taylor, JJ. Judgment and order reversed on the facts and a new trial granted, with costs to appellant to abide the event.