In the Matter of the Judicial Settlement of the Accounts of SAMUEL GROSSMAN, as Administrator, etc., of AARON HYMAN, Deceased, Respondent.

VERA HEINRICH, Claimant, Appellant; JOSEPH C. WELSH, Special Guardian for Infant JOSEPH HYMAN, Respondent.

PER CURIAM. The surrogate has too strictly construed the nature of the agreement and in weighing the evidence has applied a stricter rule than the courts approve. (*McKeon* v. *Van Slyck*, 223 N. Y. 392.) Deceased sold his business and went to claimant's home, where he lived for several months and until his death. During this period she furnished him board, lodging and care. The finding that the alleged contract is not satisfactorily established is not the equivalent of finding that she is not entitled to payment for her services and for the cost of board and lodging. There being no blood relationship between the parties it will not be inferred that such valuable services were to be rendered without compensation. If there were proof in the case of the value of the services claimant had rendered the deceased and of the cost to which she had been subjected in doing in his behalf, we would allow her the amount so established. But there is no such proof. We, therefore, hold that the decree should be reversed on the law and facts and the claim remitted to the Surrogate's Court to permit the claimant to furnish further proof and the court to determine whether or not claimant has any valid claim against the deceased, and, if so, its amount. Van Kirk, P. J., Hinman, Whitmyer, Hill and Hasbrouck, JJ., concur. Decree reversed on the law and facts, and claim remitted to the Surrogate's Court to permit the claimant to furnish further proof and the court to determine whether or not claimant has any valid claim against the deceased, and if so its amount, with costs to claimant to abide the event payable out of the estate.