MARIE WOODWARD, Respondent, *v.* OLIVER VANIER, Personally and as Executor, etc., of ANNA W. RICHARDSON, Deceased, Appellant.

Rhodes, Crapser and Heffernan, JJ., concur; Bliss, J., dissents, with an opinion in which Hill, P. J., concurs.

BLISS, J. (dissenting). The respondent has had a verdict. The action was brought against the executor of the last will and testament of a decedent under a complaint and proof which alleged two causes of action arising out of the same transactions. The first cause of action was upon an express contract and the second upon an implied contract or a *quantum meruit* basis. The respondent contended and her proof established, that she did work for the decedent such as taking charge of her rooming house, washing dishes, making beds, sweeping and painting floors, cleaning and similar housework and in caring for the deceased's personal needs during her illness and before her death. There is ample proof in the record to show the performance of these services and their value. The respondent attempted to show that they were rendered pursuant to an express contract. The proof of this contract is meager. Respondent's husband testified that decedent stated to him in 1923 (which was before his marriage to respondent) that the respondent did a lot of work for her, helping about the cooking and staying with her and that decedent was going to fully compensate her in her will for this work and that she had made an agreement with the plaintiff to that effect. Decedent also said to him that she was going to compensate respondent for the work rendered during that time and later she told him she had made out a will for the respondent and that she was going to compensate her for the work she did. Afterwards decedent said that she and the respondent had made an agreement that the respondent should always stay with her and when she was through she would provide for her amply in her will. Testimony of admissions to substantially the same effect about the existence of this alleged agreement was given by two other witnesses, both disinterested, who were acquaintances of the decedent.

Perhaps the strongest of this testimony was to the effect that the decedent had told one of these witnesses that she had agreed and had an understanding that the respondent should always stay with her and take care of her in her declining years and that she would see that she was well taken care of and would provide for her in her will and that later the decedent told the witness that she had made the will.

The respondent was no relation to the deceased but she had originally roomed in deceased's rooming house while she was at the same time employed by a telephone company and the work which it is claimed she did for the deceased was done during the hours when she was not working for the telephone company. The appellant offered no proof to contradict the alleged statements of the deceased as to the existence of the agreement and the proof in relation to the performance of the services by the respondent was purely negative, that is, that persons who were present at the rooming house had not seen the respondent performing these services and also that services similar to those which the respondent claimed she performed had actually been performed by others including the deceased. No provision was made for the respondent in the will of decedent.

The trial court submitted the case to the jury upon the theory that they might find a verdict for the plaintiff either upon the express agreement or upon an implied agreement and that if the plaintiff established a case under either of these theories she was entitled to recover. It also charged that because this action was against an estate the plaintiff must prove her claim by clear, satisfactory and convincing evidence and that the express agreement need not to be in writing but might be established by oral testimony.

There is ample proof in the record to sustain the jury's verdict upon a *quantum meruit*. The question here is whether the plaintiff was entitled to go to the jury upon the express agreement. We have no way of determining which cause of action the plaintiff recovered on. The jury may have found that there was an express agreement and based its verdict upon the breach of such agreement. Again, it may have found that there was no express agreement but that the plaintiff was entitled to recover under the theory of an implied agreement and it may have awarded the reasonable value of the services performed under the implied agreement. If the jury proceeded under the theory of an express agreement and the proof did not warrant the submission of that cause of action to the jury, then the judgment should be reversed and that cause of action dismissed, leaving a retrial to be had upon the second or implied agreement cause of action.

The courts have always looked upon such alleged contracts with suspicion and have required that they be established by clear and convincing proof. (*Mc Keon* v. *Van Slyck*, 223 N. Y. 392; *Mahaney* v. *Carr*, 175 id. 454; *Hamlin* v. *Stevens*, 177 id. 39; *Ide* v. *Brown*, 178 id. 26; *Rosseau* v. *Rouss*, 180 id. 116.) It is now the law that such contracts are within the Statute of Frauds and must be in writing, as to the party to be charged therewith, although such statute was not in effect at the time of the making of this alleged contract and is not retroactive. (Pers. Prop. Law, § 31, subd. 7, as added by chap. 616 of the Laws of 1933; *Ralph* v. *Cronk*, 266 N. Y. 428.)

In *Rosseau* v. *Rouss* (*supra*), speaking of a similar contract where the evidence relied upon to establish it was the testimony of the mother of the plaintiff and the testimony of two other witnesses who swore to admissions of the decedent, the Court of Appeals said that the former evidence was dangerous and the latter weak and

neither should be acted upon without great caution. It also stated that such contracts were dangerous, that they threaten the security of estates and throw doubt upon the power of a man to do what he wills with his own. The court in *Hamlin* v. *Stevens* (*supra*, at p. 50) wrote: " Such contracts should be in writing, and the writing should be produced, or, if ever based upon parol evidence, it should be given or corroborated in all substantial particulars by disinterested witnesses." While the apparent severity of this rule was somewhat explained away by the same court in *McKeon* v. *Van Slyck* (223 N. Y. 392), the court there held that in order to make out a gift by a deceased person a very careful scrutiny and examination of the evidence was called for, that in the last analysis the responsibility of determining whether the evidence is clear and convincing rests upon the jury and that there is no rule of law that such contract must be in writing.

In the instant case not only is the proof both dangerous and weak but the alleged contract is too indefinite to be enforcible. There was no promise on the part of the decedent to bequeath to the respondent any particular amount of money or any specific property. There is no contention here that the alleged agreement constituted a testamentary disposition. There is no proof of any mutual promise on the part of the respondent made at the time the alleged agreement was entered into. Under these circumstances the plaintiff has failed to prove an enforcible express contract. It was error for the trial court to submit such alleged contract to the jury and permit a recovery thereon. The fact that the jury was permitted to find against the defendant upon the basis of an express contract requires a reversal and a new trial.

The order and judgment appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event, and the first cause of action alleged in the complaint should be dismissed upon the merits.

Hill, P. J., concurs.