In the Matter of the Petition of MARY THERESA MCAULIFFE to Render and Settle Her Account as Executrix, etc., of WILLIAM A. WALSH, Deceased. JAMES E. WALSH, Respondent; MARY THERESA MCAULIFFE, as Executrix, etc., of WILLIAM A. WALSH, Deceased, Appellant.— Decree of the Surrogate's Court, Kings county, made by a justice of the Supreme Court, as acting surrogate, allowing the claim of respondent, James E. Walsh, and directing the executrix to make payment thereof, affirmed, in so far as an appeal is taken therefrom, without costs. No opinion. Hagarty, Johnston, Adel and Close, JJ., concur; Taylor, J., dissents and votes to reverse, with the following memorandum: The evidence, which is only that presented by the claimant-respondent, is insufficient in law to establish the alleged oral agreement of the testator with relation to the disposition of his property by will. It is true that the rigidity of what was once regarded as the rule in such cases (*Hamlin* v. *Stevens*, 177 N. Y. 39) has been lessened (*Mc Keon* v. *Van Slyck*, 223 N. Y. 392). Such a claim need be proved by a fair preponderance of the evidence only. (Ibid.) Nevertheless, in order "to make out a preponderance, the evidence should be clear and convincing." (Ibid., at p. 397.) The evidence here, in the light of that standard, is insufficient. Taking it at its face, if we assume that the testator was a party to some oral agreement to make a testamentary disposition in favor of his children, equally, it is impossible, from the evidence, to determine with certainty whether that agreement related to the property of his deceased wife, which his children conveyed to the testator, or to all property of which he might die seized or possessed. Some evidence supports one theory and some the other. If the agreement related to the property of the deceased wife, the $5,000 legacy to the respondent constituted performance of it. The failure of the appellant to take the stand in no respect fortifies the respondent's position, nor does it lead to inferences favorable to his claim; for appellant's testimony would have been within the inhibition of Civil Practice Act, section 347.