In the Matter of the Application of CHAUNCEY M. DEPEW, as Administrator, etc., of FRANK JENNINGS, Deceased, to Discover Certain Property of Said Deceased Claimed to Be Withheld. JULIA LAMA, Appellant; CHAUNCEY M. DEPEW, as Administrator, etc., of FRANK JENNINGS, Deceased, Respondent.— Decree of the Surrogate's Court of Dutchess County modified by striking out the 1st, 2nd, 3rd and 4th subdivisions of the second decretal paragraph and in place thereof inserting a provision that on January 2, 1938, respondent's intestate, Frank Jennings, made a gift to the appellant of the two bank books and the two stock certificates mentioned in the second decretal paragraph of the decree, delivered them to her on that date, and that title thereupon became vested in her. As thus modified, the decree is unanimously affirmed, without costs, and the matter remitted to the Surrogate's Court for the entry of a decree in accordance herewith. While the burden of proof was upon the appellant to establish a gift *inter vivos*, she was only required to establish the gift by a fair preponderance of the evidence. (*McKeon* v. *Van Slyck*, 223 N. Y. 392.) The finding of the court below that she had failed to establish a gift is against the weight of the evidence when such evidence is considered against the background of love and affection concededly had for the appellant by the decedent, and when weighed in connection with his oft-repeated intention to make her the object of his bounty. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.