In the Matter of the Judicial Settlement of the Account of Proceedings of MARY A. BUSHEL, as Administratrix, etc., of GEORGE O'BEIRNE, Deceased. MARY A. BUSHEL, as Administratrix, etc., of GEORGE O'BEIRNE, Deceased, Appellant; CATHERINE STAUBLE, Respondent.— Decree of the Surrogate's Court of Westchester County allowing the claim of Catherine Stauble in the sum of $2,400 against the estate of the decedent reversed on the law and the facts, with costs to the appellant, payable out of the estate, respondent's claim disallowed, and the matter remitted to the Surrogate's Court for the entry of a decree accordingly, without costs. The claimant was required to establish her claim only by a fair preponderance of evidence. (*McKeon* v. *Van Slyck,* 223 N. Y. 392.) The circumstances, however, are of such a character as not to warrant crediting the testimony adduced that the services rendered were under an express contract or on a *quantum meruit* basis. The delay of four years in presenting the claim; the fact that no payments were made during the four years; and that no demands for payment by decedent to the claimant were made during at least three and a half years of the four-year period, all indicate that there was no such contract and no intention that the alleged services should be paid for in the manner asserted by the claimant. The relations between the parties both before and after they moved into the Spring street house, and decedent's earnings, indicate that the decedent was furnishing a house and the upkeep of a household for the benefit of himself, the claimant and her daughter in exchange for such services as were rendered by the claimant and her daughter in the household. The conduct of the parties negatives the notion that the status of master and servant existed between the decedent and the claimant. The proof in this proceeding was taken before the clerk of the court under section 32, subdivision 9, of the Surrogate's Court Act. This procedure makes inapplicable the doctrine of *Boyd* v. *Boyd* (252 N. Y. 422). Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.