■ GUSSIE FRIEDER, Respondent, v. WILLIAM FUCHS, as Administrator of the Estate of SAMUEL FUCHS, Deceased, Appellant.— In an action to recover on a promissory note, the appeal is from a judgment in favor of respondent, entered upon a directed verdict. Judgment reversed and a new trial granted, with costs to appellant to abide the event. The issue on the trial involved the question whether the note was void for want of consideration. The note was

dated about a year before the death of appellant's intestate and was payable on demand. It was presented for payment after his death. Respondent claimed that it had been given to her by the intestate in payment for her interest in a corporation known as "Thermal Belt Resorts, Inc." Respondent's brother, called as a witness by appellant, testified that the records of the corporation did not disclose that respondent had any interest therein. Thereafter, on examination by respondent's attorney, he testified that respondent had invested money in the corporation, and as to conversations with the intestate, in which the intestate guaranteed respondent's investment, and in which he acknowledged, at a time when he was trying to salvage what appeared to be a bad investment, that he had taken care of respondent by a note. He also testified that appellant was present at a conversation in which respondent's investment had been guaranteed by the intestate. Appellant rested, without offering any proof. The learned trial court directed judgment for respondent because the testimony as to the conversations with the intestate was uncontradicted, and appellant, William Fuchs, was present in court, and had not been called as a witness. In our opinion, the direction of the verdict was improper. Although the testimony of the witness as to conversations and other transactions with the intestate was not incompetent under section 347 of the Civil Practice Act, a jury question was, nevertheless, presented. The witness upon whom respondent relied was her brother, and his testimony as to his transactions with the intestate was not entirely unequivocal, in the light of the evidence as to the corporate records. In a case of this kind, where death has sealed the lips of a defendant, the evidence against him must be clear and convincing, and it is for the triers of the facts to determine, subject to the power of the court to set aside their verdict, whether it is, or is not. In so doing, they may reject evidence as to personal transactions, even though uncontradicted, which might be sufficient to satisfy them, if the defendant were living. (*McKeon* v. *Van Slyck,* 223 N. Y. 392, 397–398; *Matter of Sherman,* 227 N. Y. 350, 353.) Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ., concur.