In the Matter of the Accounting of HOWARD D. RICE et al., as Administrators C. T. A. of the Estate of LOUISE M. KLOCK, Appellants. HERBERT J. MIDDAGH, Respondent.

Third Department, July 31, 1958.

*Howard C. St. John* for appellants.

*N. LeVan Haver* and *Richard B. Overbagh* for respondent.

*Per Curiam.* The respondent is a partner in a restaurant in the city of Kingston known as " Leherb's ".

The claim (furnishing food) as filed was for 190½ weeks at $15 per week ($2,860) and a transportation charge ($1,900) to and from the restaurant and for delivering meals twice daily during the above period at $10 per week.

It appears that no demand was made nor was any bill of particulars served.

The respondent produced seven witnesses, mostly waitresses and other employees of " Leherb's ", during the period of the claim. As to the food allegation, their testimony generally consisted of their observations of decedent at the restaurant for luncheon four or five times a week and a statement as to what the average luncheon would cost, ranging from $1.50 to $2.75 per meal. There was further testimony that the respondent took supper or the evening meal to the decedent regularly and the approximate cost of it, also that the decedent on various

occasions had acknowledged that she owed the respondent for the food served and was going to pay him.

The appellants produced one witness associated with another restaurant in the city of Kingston who gave some testimony as to seeing the decedent eat there (Judie's Restaurant).

The Surrogate who heard and observed the witnesses has found in favor of the respondent and we cannot say as a matter of law that it was against the weight of evidence. Having accepted the credibility of the witnesses, he was justified in making a factual finding that the sum of $15 per week was reasonable.

In *McKeon* v. *Van Slyck* (223 N. Y. 392, 397) the court said: " In civil cases a plaintiff is never required to prove his case by more than a preponderance of evidence. This is as true of actions against an executor, founded on claims put forward for the first time after the death of the testator, as it is of other actions."

As to the second part of the claim, transportation, one of the witnesses testified and it was later stipulated between the respective parties that the minimum transportation rate for taxi service in the city of Kingston from 1951 through 1955 was 50 cents for the type of transportation it was alleged the respondent furnished to the decedent. Witnesses called by the respondent testified that the only means of transportation they had ever observed was that furnished by the respondent when she came for lunch and that he would deliver the evening and Sunday meals to her home.

The food claim was filed December 13, 1955, and was rejected July 17, 1956. On August 21, 1956, respondent filed a petition for compulsory accounting, alleging he was a creditor in the amount of $2,860 and annexed to it a statement of claim for $4,760. At proceedings in the Surrogate's office on the 27th of November, 1956, petitioner was allowed to amend his claim for the above amount when his counsel stated he was satisfied the original claim was to be " resisted ".

There was complete failure of proof so far as the claim for transportation in the amount of $1,900 was concerned. To allow any amount would be to invade the realm of speculation and conjecture.

The decree of the Surrogate's Court should be modified by reducing the amount of the award to $2,860 and as so modified, affirmed, with costs to the appellant payable out of the estate.

BERGAN, J. P., COON, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Decree of the Surrogate's Court modified, on the law and the facts, by reducing the amount of the award to $2,860, and as so modified, affirmed, with costs to all parties filing a brief, payable out of the estate.